■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GAINES, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered on December 1, 1987, convicting defendant, after a jury trial, of

robbery in the third degree and sentencing him, as a second felony offender, to an indeterminate term of 3½ to 7 years in prison, is unanimously affirmed.

Defendant entered a grocery store located at 1886 Park Avenue in Manhattan and threatened to blow up the store with what appeared to be a live hand grenade unless the cashier gave him $15. Defendant also claimed at the time to have committed a homicide on 131st Street. The store cashier gave defendant one $10 bill and one $5 bill. After unsuccessfully attempting to obtain more money, defendant fled. He was later apprehended by the police in a nearby Sanitation Department garage. A $10 bill and a $5 bill were recovered from the defendant's person. The grenade, which was inoperable, was recovered by a sanitation worker who discovered it in the back of his truck.

Defendant's pretrial motion to preclude testimony concerning the threat uttered by defendant, that he had killed someone on 131st Street, was denied. Defendant contends that the statement constituted evidence of an uncharged crime introduced solely for the purpose of demonstrating defendant's bad character and propensity toward crime.

It is well settled that evidence of uncharged crimes may be received if it establishes some element of the crime charged or is relevant because of some recognized exception to the general rule, e.g., to establish intent, motive, knowledge, a common scheme or plan or identity. *(People v Alvino,* 71 NY2d 233, 241-242.) The portion of the threat defendant sought to preclude did not constitute evidence of an uncharged crime but merely enhanced the seriousness of the threat.

Defendant's claim of error regarding the closure of the courtroom during summation, advanced in his supplemental *pro se* brief, was not preserved for appellate review. (CPL 470.05 [2].) The request for closure was made by defense counsel for the purpose of eliminating noise from the corridor. At the time the request was granted defendant himself voiced no objection whatsoever. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.